1  Kathryn J. Halford (CA Bar No. 68141)
   Email: khalford@wkclegal.com
2  Elizabeth Rosenfeld (CA Bar No. 106577)
   Email: erosenfeld@wlclegal.com
3  WOHLNER KAPLON CUTLER
   HALFORD & ROSENFELD
4  A Professional Corporation
   16501 Ventura Boulevard, Suite 304
5  Encino, California 91436
   Telephone: (818) 501-8030, Ext. 331
6  Facsimile:  (818) 501-5306

7  Attorneys for Plaintiffs, Board of Directors
   of the Motion Picture Industry Pension Plan, et al.

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                   **(Western Division)**

12  BOARD OF DIRECTORS OF              CASE NO.
    THE MOTION PICTURE INDUSTRY
13  PENSION PLAN, BOARD OF             COMPLAINT FOR BREACH OF
    DIRECTORS OF THE MOTION            CONTRACT, SPECIFIC
14  PICTURE INDUSTRY INDIVIDUAL        PERFORMANCE AND
    ACCOUNT PLAN, BOARD OF             VIOLATION OF ERISA
15  DIRECTORS OF MOTION PICTURE
    INDUSTRY HEALTH PLAN,
16                                     [29 U.S.C. §§1132, 1145
                       Plaintiffs,      29 U.S.C. §185]
17
          vs.
18
    ACME-SMITH, LLC, a suspended
19  California limited liability company,

20                     Defendant.

21

22

23

24

25

26

27

28

Plaintiffs allege as follows:

**JURISDICTION**

1. Jurisdiction is conferred upon this Court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a).

**VENUE**

2. In accordance with section 502(e) of ERISA, 29 U.S.C. §1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

**PARTIES**

3. Plaintiffs, the Boards of Directors of the Motion Picture Industry Pension Plan and of the Motion Picture Industry Individual Account Plan and the Motion Picture Industry Health Plan (herein "Plaintiffs") are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

4. The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are "Employee Pension Benefit Plans" as defined in section 3(2) of ERISA, 29 U.S.C. §1002(2). The Motion Picture Industry Health Plan ("Health Plan") is an "Employee Welfare Benefit Plan" as defined in section 3(1) of ERISA, 29 U.S.C. §1002(1). The Pension Plan, IA Plan, and Health Plan (collectively referred to herein as "the Plans") are "multiemployer plans" within the meaning of sections 3(37)(A) and 515 of ERISA, and 29 U.S.C. §1002(37)(A), and 29 U.S.C. §1145. Plaintiffs are fiduciaries with respect to the Plans within the meaning of section 21(A) of ERISA, 29 U.S.C. §1002(21)(A). The Plans were established pursuant to collective

COMPLAINT FOR BREACH OF CONTRACT, SPECIFIC PERFORMANCE AND VIOLATION OF ERISA

1   bargaining agreements between various employers and employer associations

2   performing work in the entertainment (motion picture and television) industry, an

3   industry affecting commerce, and the International Alliance of Theatrical Stage

4   Employees and Moving Picture Machine Operators of the United States and

5   Canada, AFL-CIO ("IATSE"), an unincorporated labor organization. The Plans are

6   administered in Studio City, within the County of Los Angeles.

7         5.     Plaintiffs are informed and believe and thereon allege that Defendant

8   ACME-SMITH, LLC ("ACME") is a suspended California limited liability

9   company organized and existing under and by virtue of the laws of the State of

10   California.

11         6.     This complaint is prosecuted pursuant to section 301(a) of the LMRA,

12   29 U.S.C. §185(a), and pursuant to sections 502 and 515 of ERISA, 29 U.S.C.

13   §§1132 and 1145, to enforce the provisions of ERISA against an employer

14   engaged in an industry affecting commerce.

15         **<ins>FIRST CLAIM FOR RELIEF</ins>**

16               **(Breach of Contract)**

17             **(Specific Performance)**

18         7.     Plaintiffs hereby reallege each and every allegation contained in

19   paragraphs 1 through 6, as if fully set forth herein.

20         8.     On or about November 2013, Defendant ACME entered into a

21   Consent Agreement with Studio Transportation Drivers, Teamsters Local 399,

22   whereby Defendant became obligated to make contributions to the Plans for each

23   hour worked by or guaranteed to its employees who performed work covered by

24   the Non-MVPA Agreement covering Drivers, Local Managers and Scouts

25   ("Agreement"). A true and correct copy of the Consent Agreement is attached

26   hereto and incorporated herein by this reference as Exhibit "1".

27         9.     Defendant ACME also executed a Music Video Trust Acceptance

28   ("Trust Acceptance") wherein it agreed to be bound by all terms and conditions of

the Agreements and Declarations of Trust Agreements establishing the Plans ("Trust Agreements") and to contribute to the Plans on behalf of each employee performing work covered by the Agreement.  A true and correct copy of the Trust Acceptance is incorporated herein by this reference and attached hereto as Exhibit "2."

10.    The Trust Agreements obligate Employers to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all covered employees by the last day of the week following the week in which work was performed.  Contributions are delinquent if they are not received within five (5) days from the date such contributions become due.

11.    The Trust Agreements at Article III of the Pension Plan, Article V of the Health Plan and Article III of the Individual Account Plan provide that "the Directors may, at reasonable times and during normal business hours of any Employer, audit or cause the audit inspection of the records of any Employer which may be pertinent in connection with the said contributions and/or reports insofar as same may be necessary to accomplish the purpose" of the Trust Agreements.

12.    The Trust Agreements for each of the Plans further provide that if  an Employer fails to make records available for an audit or inspection and the Plans file a lawsuit to compel the production of documents, the Employer will be liable for the Plans' enforcement expenses including "all reasonable accountants' fees, auditors' fees, attorneys' fees and costs incurred in connection therewith, in addition to any delinquent contributions, liquidated damages, interest, attorneys' fees and costs, whether or not the audit or inspection identifies delinquent contributions."

13.    The Plans have determined that the following records of Defendant ACME must be made available for inspection, and are necessary for the Plans to

COMPLAINT FOR BREACH OF CONTRACT, SPECIFIC PERFORMANCE AND VIOLATION OF ERISA

determine whether all contributions have been properly reported and paid in accordance with the Agreement and Trust Agreements for the period of November 3, 2013 through November 12, 2016:

- Crew lists/call sheets;
- Production cost bible and/or cash disbursement journals;
- 1099 – MISCs issued during the audit period;
- Start slips, and;
- Timecards.

14.     In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiffs demanded that Defendant ACME submit the foregoing records for auditing in order to ascertain if ACME has properly reported and paid contributions in accordance with the Agreement and the applicable Trust Agreements.  Defendant ACME has failed and refused to comply with the Plaintiffs' audit demands.

15.     As a result of the breach of the Agreement and the Trust Agreements, Plaintiffs are unable to ascertain whether contributions have been properly reported and paid to the Plans for covered work, and Plaintiffs have no adequate remedy at law.  The exact amount of damages incurred as a result of the breach has not been determined, but Plaintiffs will seek permission of the Court to amend the complaint when the amounts are ascertained through audit.

16.     As a result of ACME's failure to make records available for audit, it has been necessary for the Plans to retain the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld.

17.     In accordance with the provisions of the Trust Agreements, Plaintiffs are entitled to an order requiring Defendant to produce the specified records for audit by the Plaintiffs, together with reasonable attorneys' fees and all costs,

COMPLAINT FOR BREACH OF CONTRACT, SPECIFIC PERFORMANCE AND VIOLATION OF ERISA

including audit costs, incurred in enforcing the terms of the Agreement and the Trust Agreements.

18.    Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreement and the Trust Agreements.

## SECOND CLAIM FOR RELIEF

### (Violation of ERISA)

19.    Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 18, as if fully set forth herein.

20.    By failing to permit an audit of all requested records by the Plans in accordance with the provisions of the Agreement and the Trust Agreements, Defendant ACME has violated ERISA §515, 29 U.S.C. §1145.

21.    Without access to the compensation records, Plaintiffs are unable to determine whether Defendant ACME has accurately reported, and/or the amount of the delinquency since reporting is based solely on an Employer's statement and the Plaintiffs have no quick, economical, or efficient way to determine if the reported contributions are correct.  Without access to ACME's records, Plaintiffs will be unable to determine whether benefits have been properly paid which may subject Plaintiffs and/or Plans to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable, speculative, and leading to irreparable damage.

22.    In accordance with the terms of the Trust Agreements and pursuant to ERISA §§502(g)(2)(E) and 515, 29 U.S.C. §§1132(g)(2)(E) and 1145, and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs are entitled to and hereby demand as appropriate equitable relief that the Court issue an order requiring Defendant to make records of ACME available for audit by the Plans for the period of November 3, 2013 through November 12, 2016.

23.     Plaintiffs are informed and believe and upon that basis allege that contributions have not been accurately reported and paid to the Plans and that the audit of the records of Defendant will disclose the correct amount of contributions.

24.     Plaintiffs are further informed and believe and upon that basis allege that Defendant ACME has breached the Agreement and Trust Agreements and thereby violated ERISA § 515, 29 U.S.C. §1145 by failing to accurately report and pay contributions. Upon ascertainment of the amount of contributions as disclosed by the audit, Plaintiffs will seek leave to amend the complaint to assert the claims for unpaid or erroneous contributions, and in accordance with ERISA §502(g)(2), 29 U.S.C. § 1132(g)(2), will seek an award of all unpaid contributions, and liquidated damages, interest, audit costs, court costs and reasonable attorneys' fees in accordance with the provisions of the Agreement and Trust Agreements.

WHEREFORE, Plaintiffs pray for judgment against Defendant ACME-SMITH, LLC a suspended California limited liability company, as follows:

## ON ALL CLAIMS FOR RELIEF:

1.     For an Order compelling audit whereby Defendant ACME shall be directed by the Court within a specified time after entry to:

A.     Make available the following records for the period commencing November 3, 2013 through November 12, 2016:

- Crew lists/call sheets;
- Production cost bible and/or cash disbursement journals;
- 1099 – MISCs issued during the audit period;
- Start slips, and;
- Timecards.

B.     Afford to the Plans both ample time and opportunity to examine all of Defendant ACME's materials specified above, without harassment, at such time and at such place as shall be convenient to the authorized representative of the Plans.

2.      That in the event Defendant ACME cannot produce all of the records which the Plans are required to examine, the Court enter an Order Compelling Record Reconstruction where Defendant ACME shall be directed by the Court within a specified time after the entry thereof, to:

          A.      Apply to the Federal and State agencies with which Defendant ACME previously filed periodic reports pertaining to employees for copies of Defendant's reports to them for all of the periods for which Defendant cannot produce records; and

          B.      Subsequently make available to the Plans all such copies of Defendant's periodic reports to the Federal and State agencies under the conditions set forth in 1(B) above:

3.      For payment of all contributions; if any, disclosed by audit together with liquidated damages and interest assessed on all unpaid contributions in accordance with the Trust Agreements and ERISA for the period of November 3, 2013 through November 12, 2016.

4.      For auditors' fees;

5.      For reasonable attorneys' fees incurred in prosecuting this action;

6.      For costs of suit; and

7.      For such other relief as the court deems appropriate, and for such other legal or equitable relief required by Section 502(g)(2)(E) ERISA, 29 U.S.C. §1132(g)(2)(E).

DATED:  November 9, 2018

Kathryn J. Halford, Esq.
Elizabeth Rosenfeld, Esq.
WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD

By: _Kathryn J. Halford_____
Kathryn J. Halford
Attorneys for Plaintiffs Boards
of Directors of the Motion Picture
Industry Pension Plan, Board of Directors of
the Motion Picture Industry Individual
Account Plan, Board of Directors of the
Motion Picture Industry Health Plan